[No. 26056. Department One. April 20, 1936.]

THE STATE OF WASHINGTON, *on the Relation of A. D.*
*Schmidt, Plaintiff*, v. THE SUPERIOR COURT FOR
KING COUNTY *et al., Respondents.*[1]

*Chadwick, Chadwick & Mills,* for relator.

*Monheimer & Griffin,* for respondents.

TOLMAN, J.—This is a proceeding by writ of certiorari to review an order of the superior court for King county.

It appears that, in an action for the foreclosure of labor and materialmen's liens then pending, on December 18, 1934, the trial court entered its decree establishing certain liens on a building described, but not upon the land on which the building was situated. The building was ordered to be sold in due course for the purpose of satisfying the liens so far as possible.

The decree provided:

"That the purchaser or purchasers at any sale of said frame building or structure, be and they are hereby granted the right and privilege of removing said

[1]Reported in 56 P. (2d) 1008.

building from the real property described in paragraph III of this decree upon which the same now stands, at any time on or before six months from date of entry of this decree or from date of filing of remittitur, if same is appealed; that, if and when said frame building or structure is removed by the purchaser or purchasers thereof, it shall be removed in such a manner as not to injure the freehold upon which the same is now standing and that all piles now supporting said building may be cut off at the surface of the ground or left standing and that all debris, including concrete and other material, be removed from said real property and, in order to effect the performance of said conditions, such purchaser or purchasers removing said building shall, before removing the same, make, execute and deliver to the defendants, Cornwell, a bond or other evidence of faithful performance approved by this court as to amount and surety, conditioned to effect the performance of this paragraph of this decree. If said building is not so removed within six months from date hereof, it shall become and remain a part of the realty and the right of removal of said building shall thereupon cease.''

One of the defendants in that case gave notice of appeal from that decree to this court and filed a cost bond, but did not attempt to supersede the decree.

An order of sale duly issued, and the sheriff, proceeding regularly, sold the building described in the decree to the plaintiff herein on April 11, 1935. At that time, the appeal was pending and undisposed of, and the purchaser, relying on the provisions of the decree which we have quoted, waited, since that was all he could do, for the filing of a remittitur from this court.

.From the records of this court, it appears that the appellant appealing from the decree signed a stipulation to dismiss his appeal, which was joined in by some, but not by all, of the respondents. One of the respondents moved to dismiss the appeal for want of prosecu-

tion. The matter came on for hearing in this court on September 20, 1935, and, according to the minute entry, the appeal was dismissed for failure to file an appeal bond within the statutory time. On October 24, 1935, the remittitur from this court was filed in the office of the county clerk for King county.

Thereafter, the purchaser at the sale, the plaintiff here, by motion supported by affidavit, made application to the superior court to fix the amount of the bond· which the decree required him to give before proceeding to remove the building which he had purchased. After a hearing thereon the trial court denied the motion by order, from which we quote:

". . . and the court having considered the records and files herein and being of the opinion that said cause was not appealed as referred to in the decree, does now

"ORDER that the motion of A. D. Schmidt be and the same is hereby denied and that no amount is, or will be, fixed as a bond for the removal of said building, to which A. D. Schmidt excepts and the exception is allowed."

It is this order which we are asked to review.

The provisions of the foreclosure decree, which we have quoted, were very plainly made for a two-fold purpose: (1) That of making the building salable and obtaining for it as great a price as possible, and (2) the protection of the purchaser in the fruits of his bargain. Very properly so, because, without anything of that kind, obviously the sale value of the building would be greatly reduced or wholly destroyed.

These provisions being placed in the decree for the protection of the purchaser, who was not a party to the suit, and he having relied upon them in bidding for the property, renders it necessary to construe them liberally in his favor. The plaintiff at the time of the sale knew only what the record disclosed, which was that

an appeal was pending and that he had six months after the disposition of that appeal in which to remove the building. He could not move to dismiss the appeal, nor should he be held to the responsibility of determining whether or not the appeal could be dismissed. Even though he, as purchaser, had the right to appear in the trial court to guard his interests, still the trial court could not dismiss the appeal, however faulty, and nothing whatever could be done by the purchaser to test the sufficiency of the appeal. He could only wait.

The giving of the notice of appeal and the filing of the appeal bond ousted the trial court of jurisdiction until such time as, by remittitur, it should regain jurisdiction. Until this court acted on the motion to dismiss the appeal, the cause was, as to the trial court and as to the purchaser, "appealed" in the sense in which that term is used in the quoted provision of the decree.

Reversed, with directions to proceed as indicated. The plaintiff, in order to restore to him the conditions upon which he purchased, to have six months from the going down of the remittitur in this case within which to remove the building.

MILLARD, C. J., MITCHELL, STEINERT, and GERAGHTY, JJ., concur.